**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR2-RLV-DSC**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| JAMES EUGENE MOORE, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the letter from Defendant (document #22), received March 15, 2010, to the Honorable Richard L. Voorhees requesting an inquiry into status of counsel and motion to withdraw his guilty plea. Judge Voorhees referred the matter to the undersigned. The Court conducted a hearing on this matter on March 25, 2010.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is no basis for removal of counsel for Defendant and there is no basis for withdrawal of Defendant's guilty plea, as discussed below.

Defendant pled guilty to possession of a firearm by felon and possession of an unregistered firearm before Judge Voorhees on May 5, 2009. Defendant pled straight up without a plea agreement. Judge Voorhees conducted a Rule 11 colloquy to determine if Defendant was knowingly and voluntarily entering his guilty plea and accepted his plea. Defense counsel, Steven Slawinski, represented Defendant at the plea hearing.

Defendant argues that his attorney coerced him into entering the plea and that he was uninformed regarding the consequences of his plea. Defense counsel proffered to the Court, and the Court viewed in camera, notes from his meeting with Defendant at the Catawba County Jail prior to the date of the plea hearing. The notes corroborate counsel's representations at the hearing that

he spoke with Defendant about his exposure under the sentencing guidelines as well as his options regarding whether he would plead guilty or go to trial. The notes also contained diagrams that counsel used in his discussions with Defendant. Counsel represented to this Court that he made every effort to ensure that Defendant was entering a knowing and voluntary guilty plea. He also represented that he explained to the Defendant that the 924(c) enhancement for being an armed career criminal could affect his sentencing and that while he would object to this enhancement, it was up to the Court at sentencing to decide whether or not to apply the enhancement to his sentence.[1] Counsel also explained to Defendant that if he entered the straight up plea he would retain his appellate rights. Counsel represented to the Court that he believes Defendant knowingly and voluntarily entered his guilty plea. Counsel also represented to the Court that since entering his guilty plea, Defendant has asked him to make frivolous arguments to the Court and that he has refused file these motions with the Court.

Based on the above facts, the Court believes counsel has provided Defendant with adequate representation and does not find that there is a basis for removal of counsel for Defendant.

With regard to Defendant's motion to withdraw his guilty plea, Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on Defendant to show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d). In determining whether a defendant has met this burden, a court should consider several factors including: (1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving

---

[1] Defense counsel did file an Objection to Presentence Investigation Report on December 14, 2009 which included objections regarding the armed career criminal enhancement.

for withdrawal; (4) whether defendant had close assistance of competent counsel; (5) whether withdrawal will prejudice the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

In this case, the Court finds that Defendant did not provide credible evidence that his plea was not knowing and voluntary. Furthermore, Defendant never asserted to the Court that he was legally innocent. With regard to the delay between entering the plea and moving for withdrawal, Defendant pled guilty on May 5, 2009 and did not request withdrawal until March 15, 2010, a full ten months after Defendant's guilty plea was entered. As stated above, the Court finds that Defendant was represented by competent counsel at the guilty plea hearing. Furthermore, defense counsel represented to the Court that he was not advancing the motion to withdraw guilty plea. This argument was made solely by the Defendant. With regard to whether withdrawal of the guilty plea will prejudice the Government, no evidence was offered by the Government on this issue, so the Court cannot make a determination on this factor. However, withdrawal of the plea will inconvenience the Court and waste judicial resources because Defendant's sentencing is set for April 14, 2010 and the presentence report has been compiled and filed with the Court and defense counsel has filed his objections and corrections to the report.

Based on the above analysis, the Court finds that there is no basis for withdrawal of Defendant's guilty plea. Therefore, Defendant's motion for withdrawal of guilty plea is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**

Signed: March 25, 2010

David S. Cayer
United States Magistrate Judge