IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-00090-RLV
(5:09-cr-00002-RLV-DSC-1)

| | |
|---|---|
| JAMES EUGENE MOORE, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255, and the Government's Response in support of the motion to vacate.[1] For the reasons that follow, Petitioner's § 2255 motion to vacate will be granted.

## I.  BACKGROUND

On January 21, 2008, Petitioner was charged by the grand jury in this District with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count 1), and one count of possession of an unregistered, short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (Count 2). (5:09-cr-00002, Doc. No. 6: Bill of Indictment). Petitioner plead guilty to both counts in his bill of indictment without a plea agreement.

In Petitioner's presentence report ("PSR"), the probation officer found that Petitioner

---

[1] Petitioner filed a motion to amend his § 2255 motion to supplement his original argument. The Court finds that the motion to amend should be allowed. (5:15-cv-00090, Doc. No. 3).

1

qualified as an armed career criminal under 18 U.S.C. § 924(e) based on convictions for the burning of a school house, the sale or delivery of cocaine, and assault with a deadly weapon inflicting serious injury, all of which were sustained in Caldwell County Superior Court, in Lenoir, North Carolina. (Id., Doc. No. 20: PSR ¶ 24). After adjusting for acceptance of responsibility, Petitioner's total offense level was 31 and with a criminal history category VI, Petitioner's Guidelines range was 188 to 235-months' imprisonment. (Id. ¶ 89). During sentencing, the Court found that Petitioner's convictions qualified him as an armed career criminal and Petitioner was sentenced to the statutory minimum term of 180-months' imprisonment on Count 1 and a concurrent term of 120-months on Count 2.

On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there were no meritorious issues to present on appeal, but nevertheless suggesting that Petitioner's conviction for the burning of a school house may not qualify as a predicate offense to support his designation as an armed career criminal. The Court rejected this argument after concluding that the North Carolina crime of burning of a school house categorically qualified as arson and therefore as a violent felony under § 924(e). Petitioner's judgment was affirmed. United States v. Moore, 472 Fed. App'x 212 (4th Cir. 2012) (unpublished).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.    DISCUSSION

In this collateral proceeding, Petitioner contends that he is entitled to relief from his sentence because he no longer qualifies as an armed career criminal and he relies on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.

Under the Armed Career Criminal Act ("ACCA"), as codified in 18 U.S.C. § 924(e), a defendant that is convicted of § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").
The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison. Id. § 924(e)(2)(A)(ii).

In its Response, the Government concedes that Petitioner is entitled to sentencing relief because his prior North Carolina conviction for the sell or delivery of cocaine no longer qualifies as a "serious drug offense" under the ACCA following the Fourth Circuit's opinion in United

3

States v. Newbold, 791 F.3d 455 (4th Cir. 2015). In Newbold, the Court applied its en banc holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), in which the Court held that in order to determine the maximum sentence that a defendant faces under North Carolina law, the sentencing court must examine the record of the particular defendant before the court and not a hypothetical defendant with the worst possible criminal record.[2]

Petitioner was sentenced on his conviction for the sell or delivery of cocaine under the provisions of North Carolina's Fair Sentencing Act ("FSA") and the conviction carried a presumptive term of three years in prison and a maximum term of ten years' imprisonment.[3] In order to impose the maximum term of imprisonment, the FSA required the sentencing court to find aggravating factors to justify the increased punishment. See Newbold, 791 F.3d at 461 (explaining sentencing under the FSA).

In the present case, the Government notes that the holding in Newbold, among other authority, demonstrates that Petitioner's conviction for the sell or delivery of cocaine, for which he was sentenced to a presumptive term of 3-years in prison, no longer qualifies as a serious drug offense under the ACCA because the State court judgment reflects that the sentencing court found no aggravating factors, thus there is no indication in the record that Petitioner faced a maximum term of ten years in prison.[4] (5:15-cv-00090, Doc. No. 14: Government's Response at 3-5; Doc. No. 14-1: State judgment).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant

---

[2] In Miller v. United States, the Fourth Circuit held that the Simmons holding was retroactive to cases on collateral review. 735 F.3d 141, 147 (4th Cir. 2013).
[3] The North Carolina General Assembly repealed the FSA effective October 1, 1994, and replaced it with the Structured Sentencing Act. See Newbold, 791 F.3d at 461. Petitioner was sentenced on September 30, 1993, and was thus subject to the provisions of the FSA.
[4] (5:09-cr-00002, Doc. No. 20: PSR ¶ 32).

4

part, that a petitioner has one year from the date his judgment becomes final to file a petition for collateral relief. 28 U.S.C. § 2255(f)(1). Petitioner's judgment became final in 2012, therefore his § 2255 motion is untimely as it was not filed until July 2015. However, the Government has waived any reliance on the defense of the statute of limitations and agrees that Petitioner is entitled to be resentenced because he no longer has three qualifying, predicate convictions under the ACCA. See Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012) (finding abuse of discretion in ignoring deliberate waiver of limitation defense).

Based on the foregoing, the Court finds that Petitioner's conviction for the sell or delivery of cocaine no longer qualifies as a serious drug offense under the ACCA; therefore he no longer he has three predicate offenses to support his sentence as an armed career criminal. Accordingly, Petitioner is entitled to relief from his sentence and his § 2255 motion to vacate will be granted.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Amend his § 2255 Motion to Vacate is **GRANTED**. (Doc. No. 3).

2. Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255, as amended, is **GRANTED**. (Doc. No. 1).

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

4.    The U.S. Probation Office shall prepare a Supplemental Presentence Report and file the same in the criminal case.

5. The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of the resentencing hearing and shall have full access to Petitioner's original Presentence Report and the Supplemental Presentence Report.

6. The resentencing hearing will be scheduled after the filing of the Supplemental Presentence Report.

7. The parties may file sentencing memorandum no later than two (2) weeks prior to the resentencing hearing.

8. The Clerk of Court is directed to certify copies of this Order to the Petitioner, the Federal Defenders of Western North Carolina, the U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: March 14, 2016

*/s/ Richard L. Voorhees*
Richard L. Voorhees
United States District Judge